E-filing

1 | BAY AREA LEGAL AID
LISA GREIF, State Bar No. 214537
2 | NAOMI YOUNG, State Bar No. 105041
3 | ROBERT P. CAPISTRANO, State Bar No. 70382
1735 Telegraph Avenue
4 | Oakland, California 94612
Telephone: 510-663-4744
5 | Facsimile: 510-663-4740
6 | Email: lgreif@baylegal.org
         nyoung@baylegal.org
7        bcapistrano@baylegal.org

8 | NATIONAL HOUSING LAW PROJECT
9 | JAMES R. GROW, State Bar No. 83548
614 Grand Avenue, Suite 320
10 | Oakland, California 94610
Telephone: 510-251-9400
11 | Facsimile: 510-451-2300
12 | Email: jgrow@nhlp.org
Attorneys for Plaintiffs PARK VILLAGE APARTMENTS TENANTS
13 | ASSOCIATION, FOSTER, et al.



FILED
OCT - 7 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARK VILLAGE APARTMENTS TENANTS ASSOCIATION, WILLIAM FOSTER, SHIRLEY SMITH, ISABEL ALLEMAN, FRED ALLEN, CHI CHUNG, VIRGINIA CHUNG, PATRICIA JOHNSON, MARTIN KOCH, LAWRENCE LEE, KWAN NG, FOSTER REUBEN, MARIA LILLIAN SANCHEZ, CHRISTINE THOMAS, ALISON WRIGHT and CORNELIUS WEEKLEY,<br><br>Plaintiffs,<br><br>v.<br><br>MORTIMER HOWARD TRUST, MORTIMER R. HOWARD,<br><br>Defendants. | Case No. C09-04780 JSW<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES**<br><br>[42 U.S.C. § 1437f(t); 42 U.S.C. § 1437f(c)(8); 42 U.S.C. §3604; California Civil Code Section 54.1; California Government Code §12955; and California Civil Code § 827]<br><br>JURY TRIAL DEMANDED |

Complaint for Preliminary and Injunctive Relief, Declaratory Relief and Damages

## I. PRELIMINARY STATEMENT

1. Plaintiffs in this action are elderly and disabled long-time residents of Park Village Apartments, a formerly affordable senior citizen rental housing complex in Oakland, California, who face eviction from their homes because they are too poor to pay the massive rent increases of hundreds of dollars monthly imposed by their landlord in violation of federal and state law. Enacted to prevent the displacement of low-income tenants from former subsidized housing projects, 42 U.S.C. §§ 1437f(t) and 1437f(c)(8) require the Defendants-landlord to accept special Section 8 Vouchers that enable the remaining tenants to continue to afford their homes. Moreover, under federal and state laws protecting persons with disabilities, acceptance of the Vouchers would be a reasonable accommodation for those Plaintiffs with disabilities. Finally, Defendants' rent increases are invalid because the landlord failed to comply with the notice requirements of Cal. Civil Code § 827. Defendants have nevertheless threatened to file unlawful detainer actions in California state court if the increased rent is not paid. Individual named Plaintiffs and their unincorporated tenants' association therefore bring this action to enforce their rights under federal and state laws, requesting injunctive relief prohibiting Defendants from collecting any unlawful rent increase, filing lawsuits to evict Plaintiffs for failure to pay the unlawful rent increases, and from refusing to accept Plaintiffs' Section 8 Vouchers.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it arises under 42 U.S.C. §§ 1437f(t), 1437f(c)(8), and 3601 et seq., for redress of violations of Plaintiffs' rights under federal housing statutes and Fair Housing laws.

3. Venue is proper in this Court under 28 U.S.C. § 1391 because the events at issue occurred in this judicial district.

4. Several claims asserted herein allege violations of state law, and arise out of the same transaction or series of transactions on which the federal claims are based, and therefore this Court has supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367(a).

## INTRADISTRICT ASSIGNMENT

5. The claims alleged herein arose in the County of Alameda. This action is properly assigned to either the Oakland or San Francisco Division of the United States District Court for the Northern District of California pursuant to Civil Local Rule 3-2(d).

## PARTIES

### A. Plaintiffs

6. Plaintiff William Foster is a 70 year old tenant residing in the Park Village Apartments senior rental housing complex.

7. Plaintiff Mr. Foster has resided at Park Village Apartments for over 6 years.

8. Plaintiff Mr. Foster is a low-income person whose source of income is Social Security; he currently pays $215.00 in rent per month as a Park Village Apartments tenant.

9. Plaintiff Mr. Foster's mobility impairments substantially limit his activities of daily living and qualify him as a disabled person as defined in the Fair Housing Act (42 U.S.C. § 3601 et seq.), California Civil Code § 54.1 and the California Fair Employment and Housing Act (Gov. Code § 12955 et seq.).

10. Plaintiff Shirley Smith is a 78 year old tenant residing in the Park Village Apartments senior rental housing complex.

11. Plaintiff Ms. Smith has resided at Park Village Apartments for over 10 years.

12. Plaintiff Ms. Smith is a low-income person whose source of income is from Social Security and employment; she currently pays $159.00 in rent per month as a Park Village Apartments tenant.

13. Plaintiff Cornelius Weekley is a 90 year old tenant residing in the Park Village Apartments senior rental housing complex.

14. Plaintiff Mr. Weekley has resided at Park Village Apartments for over 10 years.

15. Plaintiff Mr. Weekley is a low-income person whose source of income is Social Security; he currently pays $214.00 in rent per month as a Park Village Apartments tenant.

16. Plaintiff Mr. Weekley's physical impairments, including glaucoma, substantially limit his activities of daily living and qualify him as a disabled person as defined in the Fair

Housing Act (42 U.S.C. § 3601 et seq.), California Civil Code § 54.1 and the California Fair Employment and Housing Act (Gov. Code § 12955 et seq.).

17. Plaintiff Isabel Alleman is an 89 year old tenant residing in the Park Village Apartments senior rental housing complex.

18. Plaintiff Ms. Alleman has resided at Park Village Apartments for over 21 years.

19. Plaintiff Ms. Alleman is a low-income person whose source of income is Social Security; she currently pays $225.00 in rent per month as a Park Village Apartments tenant.

20. Plaintiff Ms. Alleman has a number of physical impairments, including breathing difficulties which requires 24-hour reliance on oxygen and substantially limit her activities of daily living and qualify her as a disabled person as defined in the Fair Housing Act (42 U.S.C. § 3601 et seq.), California Civil Code § 54.1, and the California Fair Employment and Housing Act (Gov. Code § 12955 et seq.).

21. Plaintiff Fred Allen is an 81 year old tenant residing in the Park Village Apartments senior rental housing complex.

22. Plaintiff Mr. Allen has resided at Park Village Apartments for over 14 years.

23. Plaintiff Mr. Allen is a low-income person whose source of income is Social Security and a pension; he currently pays $490.00 in rent per month as a Park Village Apartments tenant.

24. Plaintiff Mr. Allen's physical and mental impairments substantially limit his activities of daily living and qualify him as a disabled person as defined in the Fair Housing Act (42 U.S.C. § 3601 et seq.), California Civil Code § 54.1 and the California Fair Employment and Housing Act (Gov. Code § 12955 et seq.).

25. Plaintiff Virginia Chung is a 92 year old tenant residing in the Park Village Apartments senior rental housing complex.

26. Plaintiff Ms. Chung has resided at Park Village Apartments for over 8 years.

27. Plaintiff Ms. Chung is a low-income person whose source of income is Supplemental Security Income; she currently pays $214.00 in rent per month as a Park Village Apartments tenant.

28. Plaintiff Ms. Chung's physical impairments substantially limit her activities of daily living and qualify her as a disabled person as defined in the Fair Housing Act (42 U.S.C. § 3601 et seq.), California Civil Code § 54.1 and the California Fair Employment and Housing Act (Gov. Code § 12955 et seq.).

29. Plaintiff Chi Chung is a 69 year old tenant residing in the Park Village Apartments senior rental housing complex.

30. Plaintiff Mr. Chung has resided at Park Village Apartments for over 8 years.

31. Plaintiff Mr. Chung is a low-income person whose source of income is Supplemental Security Income; he currently pays $228.00 in rent per month as a Park Village Apartments tenant.

32. Plaintiff Mr. Chung's physical and mental impairments substantially limit his activities of daily living and qualify him as a disabled person as defined in the Fair Housing Act (42 U.S.C. § 3601 et seq.), California Civil Code § 54.1 and the California Fair Employment and Housing Act (Gov. Code § 12955 et seq.).

33. Plaintiff Patricia Johnson is a 75 year old tenant residing in the Park Village Apartments senior rental housing complex.

34. Plaintiff Ms. Johnson has resided at Park Village Apartments for over 7 years.

35. Plaintiff Ms. Johnson is a low-income person whose source of income is Social Security; she currently pays $550.00 in rent per month as a Park Village Apartments tenant.

36. Plaintiff Martin Koch is an 86 year old tenant residing in the Park Village Apartments senior rental housing complex.

37. Plaintiff Mr. Koch has resided at Park Village Apartments for over 15 years.

38. Plaintiff Mr. Koch is a low-income person whose source of income is Social Security; he currently pays $540.00 in rent per month as a Park Village Apartments tenant.

39. Plaintiff Mr. Koch's physical impairments and limited mobility substantially limit his activities of daily living and qualify him as a disabled person as defined in the Fair Housing Act (42 U.S.C. § 3601 et seq.), California Civil Code § 54.1 and the California Fair Employment and Housing Act (Gov. Code § 12955 et seq.).

40. Plaintiff Lawrence Lee is a 76 year old tenant residing in the Park Village Apartments senior rental housing complex.

41. Plaintiff Mr. Lee has resided at Park Village Apartments for over 14 years.

42. Plaintiff Mr. Lee is a low-income person whose source of income is Social Security and a pension; he currently pays $295.00 in rent per month as a Park Village Apartments tenant.

43. Plaintiff Kwan Ng is a 91 year old tenant residing in the Park Village Apartments senior rental housing complex.

44. Plaintiff Ms. Ng has resided at Park Village Apartments for over 15 years.

45. Plaintiff Ms. Ng is a low-income person whose source of income is Supplemental Security Income; she currently pays $220.00 in rent per month as a Park Village Apartments tenant.

46. Plaintiff Ms. Ng's physical impairments substantially limit her activities of daily living and qualify her as a disabled person as defined in the Fair Housing Act (42 U.S.C. § 3601 et seq.), California Civil Code § 54.1 and the California Fair Employment and Housing Act (Gov. Code § 12955 et seq.).

47. Plaintiff Foster Reuben is an 83 year old tenant residing in the Park Village Apartments senior rental housing complex.

48. Plaintiff Mr. Reuben has resided at Park Village Apartments for 4 years.

49. Plaintiff Mr. Reuben is a low-income person whose source of income is a pension; he currently pays $531.00 in rent per month as a Park Village Apartments tenant.

50. Plaintiff Maria Lillian Sanchez is a 75 year old tenant residing in the Park Village Apartments senior rental housing complex.

51. Plaintiff Ms. Sanchez has resided at Park Village Apartments for over 7 years.

52. Plaintiff Ms. Sanchez is a low-income person whose source of income is Social Security; she currently pays $222.00 in rent per month as a Park Village Apartments tenant.

53. Plaintiff Christine Thomas is a 77 year old tenant residing in the Park Village Apartments senior rental housing complex.

54. Plaintiff Ms. Thomas has resided at Park Village Apartments for over 15 years.

55. Plaintiff Ms. Thomas is a low-income person whose source of income is Social Security; she currently pays $271.00 in rent per month as a Park Village Apartments tenant.

56. Plaintiff Ms. Thomas's physical impairments and mobility limitations substantially limit her activities of daily living and qualify her as a disabled person as defined in the Fair Housing Act (42 U.S.C. § 3601 et seq.), California Civil Code § 54.1 and the California Fair Employment and Housing Act (Gov. Code § 12955 et seq.).

57. Plaintiff Alison Wright is a 75 year old tenant residing in the Park Village Apartments senior rental housing complex.

58. Plaintiff Ms. Wright has resided at Park Village Apartments for over 4 years.

59. Plaintiff Ms. Wright is a low-income person whose source of income is Supplemental Security Income, Social Security and a pension; she currently pays $324.00 in rent per month as a Park Village Apartments tenant.

60. Plaintiff Park Village Tenants Association is an unincorporated organization consisting solely of current Park Village Apartments tenants. This Plaintiff's purpose is to protect and assert the interests of Park Village Apartment tenants in retaining affordable housing units for themselves and other tenants of Park Village Apartments.

### B. Defendants

61. Defendant Mortimer Howard Trust ("Defendant Trust") is the owner of the Park Village Apartments and the Plaintiffs' landlord.

62. On information and belief, Defendant Mortimer R. Howard ("Defendant Howard") controls Defendant Trust as its Trustee.

63. Defendant Howard formerly owned the Park Village Apartments, having transferred ownership of the property to the Defendant Trust on or about June 13, 2006.

64. Defendant Does 1-20 are sued as fictitious names, their true names and capacities being unknown to the Plaintiffs at this time.

Complaint for Preliminary and Injunctive Relief, Declaratory Relief and Damages

## II. FACTUAL BACKGROUND

65. Park Village Apartments is an 84-unit housing complex for low-income senior citizens developed in 1978 with federal project-based Section 8 rental subsidies pursuant to a housing assistance payments ("HAP") contract with HUD under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f. The initial project-based Section 8 HAP contract for Park Village Apartments was for a 20 year term.

66. Park Village Apartments was developed pursuant to a conditional use permit granted by the City of Oakland, under which, *inter alia*, the city allowed construction of an 84-unit development, rather than the 57 units that would ordinarily have been permitted under the zoning code, provided that occupancy in Park Village Apartments would be limited to senior citizens aged 60 years or older.

67. Because of the project-based Section 8 HAP subsidies, rents at Park Village Apartments were guaranteed to be affordable even to seniors with the lowest incomes, with each resident's total housing costs usually no more than 30 percent of his or her income.

68. In 1999, after the conclusion of the initial 20-year HAP contract term, the HAP contract was renewed for five years and expired in November 2004.

69. The most recent project-based Section 8 renewal HAP contract for Park Village Apartments was executed between Defendant Howard and HUD for a one-year period from November 21, 2004 to November 20, 2005.

70. Defendant Howard did not execute a project-based Section 8 renewal HAP contract with HUD during the period between November 2005 and July, 2009.

71. As a result of its failure to execute a renewal HAP contract, Defendant Howard stopped receiving HAP subsidies under the project-based contract from HUD as of December 2005.

72. Plaintiff individual tenants received letters from Defendants dated May 17, 2007, stating that "Federal law allows you to elect to continue living at this property provided that the unit, the rent, and I, the owner meet the requirements, which is not likely since I will not enter into any contract thus far provided by HUD."

73. In a previous action brought by the Association and several named plaintiffs, Case No. C 06-7389 SBA, on February 14, 2007, this Court issued a preliminary injunction against rent increases and evictions until one year following Defendants' compliance with federal law, which was upheld by the Ninth Circuit (No. 07-15382).

74. In response to additional invalid notices from Defendant Howard, including one served on or about January 14, 2008, titled "120-day Notice," stating that after May 16, 2008 Plaintiffs would be required to pay $1,192.00 in monthly rent, plaintiffs in that action filed an amended and supplemental complaint on March 14, 2008 and motion for summary judgment on March 18, 2008.

75. In that action, on July 16, 2008, this Court granted those plaintiffs summary judgment and injunctive relief prohibiting Defendants from increasing rents or evicting tenants for reasons unrelated to violation of the material terms of their leases until one year following service of notice of the termination of project-based assistance in compliance with federal law.

76. On July 25, 2008, Defendant Howard served on Plaintiffs new federal one-year notices concerning the project-based termination. That notice contained the following statement: "Federal law allows you to elect to continue living at this property provided that the unit, the rent, and I, the Owner, meet the requirements of the tenant-based assistance program. As an Owner, I will honor your right as a tenant to remain at the property on this basis as long as it continues to be offered as rental housing, provided that there is no cause for eviction under Federal, State or local law."

77. On October 23, 2008, the parties entered into a settlement agreement under which, *inter alia*, Plaintiffs' action was dismissed without prejudice and Plaintiffs stipulated that they released any claims as to the legal sufficiency of Defendants' July 25 notice, in exchange for Defendants' agreement to enter into a purchase and sale agreement with a designated nonprofit organization to preserve Park Village Apartments as affordable housing for seniors.

78. During the period between the execution of the Settlement Agreement and July 25, 2009, Defendants and the purchaser executed several amendments extending the purchase and sale contract while certain environmental and financing issues were being addressed. Ultimately,

the property was not transferred within the time established by the last-executed amendment to the purchase and sale agreement. The parties were unable to agree to mutually acceptable terms for an additional amendment.

79. On July 25, 2009, while the parties to the purchase and sale transaction were still hopeful of negotiating a mutually acceptable extension of the transaction, Defendant Howard informed the tenants in writing that the rent increase scheduled to take effect July 25, 2009 would be deferred, and that Defendant Howard would provide 30 days' written notice of its intent to increase the rents.

80. On or before July 22, 2009 the Oakland Housing Authority issued Section 8 vouchers to all Plaintiffs to be used to rent in place at Park Village Apartments.

81. On August 31, 2009, Defendant Howard provided written notice to all tenants of its intent to increase the rent to $1,192.00 monthly, effective October 1, 2009.

82. During September, Defendants' counsel stated or otherwise communicated on several occasions to Plaintiffs' counsel that the Plaintiffs must pay the requested $1192 rents on October 1 or move, and that Defendant Howard would not execute any housing assistance payments contracts with OHA and leases with the tenants under the voucher program, nor take any other steps necessary to complete the process of receiving the replacement rental assistance on the tenants' behalf from the Oakland Housing Authority.

83. By written requests to Defendants' counsel dated September 23, 2009, counsel for Plaintiffs Chi Chung, William Foster, Fred Allen, Martin Koch, Kwan Ng, Virginia Chung and Cornelius Weekley ("The Disabled Tenants") requested that Defendants accept these Plaintiffs' vouchers and execute housing assistance payments with OHA as reasonable accommodations necessary to afford these tenants an equal opportunity to use and enjoy the housing accommodations provided at the Park Village Apartments. In a letter dated September 29, 2009 Defendants denied Plaintiffs' reasonable accommodation requests.

84. On October 4, 2009 Defendant Howard returned Plaintiffs' October rent payments to them.

85. Plaintiffs are frail, elderly persons of limited financial means. The Plaintiffs cannot afford to pay the increased rents demanded by the Defendants and would suffer severe injuries to physical, social and emotional well-being if forced from their homes.

### III. LEGAL AUTHORITIES

#### A. Federal Authorities on Notices and Enhanced Vouchers

86. Section 8(t) of the United States Housing Act of 1937, 42 U.S.C. § 1437f(t), provides: "the assisted family may elect to remain in the same project in which the family was residing on the date of the eligibility event for the project." 42 U.S.C. § 1437f(t)(1)(B).

87. HUD's implementing regulations at 24 C.F.R. Sec. 402.8 (2009) provide that: "In the case where a contract for Section 8 rental assistance for a project is terminated or expires, an assisted family may elect to remain in the project and, if eligible, receive tenant-based Section 8 assistance under Section 8(t) of the United States Housing Act of 1937."

88. HUD's Notice PIH 2001-41 at p 26, § II (B) provides: "A family that receives an enhanced voucher has the right to remain in the project as long as the units are used for rental housing and are otherwise eligible for housing choice voucher assistance (e.g., the rent is reasonable, unit meets [Housing Quality Standards] etc.)."

89. HUD's Section 8 Policy Guidebook, Chapter 11, Sec. 11-3(B) (as revised Jan. 15, 2008), provides: "tenants who receive an enhanced voucher have the right to remain in their units as long as the units are offered for rental housing when issued an enhanced voucher sufficient to pay the rent charged for the unit, provided that the rent is reasonable. Owners may not terminate the tenancy of a tenant who exercises this right except for cause under Federal, State, or local law."

90. Section 8(c) of the United States Housing Act of 1937, 42 U.S.C. § 1437f(c)(8)(A), provides:

> Not less than one year before termination of any [project-based Section 8 assistance contract], an owner shall provide written notice to the Secretary [of Housing and Urban Development] and the tenants involved of the proposed termination. The notice shall also include a statement that, if the Congress makes funds available, the owner and the Secretary [of Housing and Urban Development] may agree to a renewal of the contract, thus avoiding termination, and that in the event of termination the Department of Housing and Urban Development will provide tenant-based rental assistance to all eligible

Complaint for Preliminary and Injunctive Relief, Declaratory Relief and Damages

residents, enabling them to choose the place they wish to rent, which is likely to include the dwelling unit in which they currently reside.

91. The term, "termination," is defined to mean "the expiration of the assistance contract or an owner's refusal to renew the assistance contract, and such term shall include termination of the contract for business reasons." 42 U.S.C. § 1437f(c)(8)(D).

92. The United States Housing Act further provides: "Any notice under this paragraph [42 U.S.C. § 1437f(c)(8)] shall also comply with any additional requirements established by the Secretary [of Housing and Urban Development]." 42 U.S.C. § 1437f(c)(8)(C).

93. The Department of Housing and Urban Development ("HUD") *Section 8 Renewal Policy* sets forth requirements regarding the content of one-year notices under 42 U.S.C. § 1437f(c)(8). HUD, OFFICE OF MULTIFAMILY HOUSING, SECTION 8 RENEWAL POLICY: GUIDANCE FOR THE RENEWAL OF PROJECT-BASED SECTION 8 CONTRACTS § 11-4 (2008).

94. Section 11-4.C. of the *Section 8 Renewal Policy* provides in pertinent part that "[o]wners must use a letter that contains the language included in the sample letters provided in [the *Section 8 Renewal Policy*]." The HUD sample letters require a statement that "Federal law allows you to elect to continue living at this property provided that the unit, the rent, and we, the owners, meet the requirements of the Section 8 tenant-based assistance program. As an Owner, we will honor your right as a tenant to remain at the property . . . .".

### B. Federal Fair Housing Law

95. The federal Fair Housing Act, 42 U.S.C. §§ 3601 et seq., prohibits discrimination in the rental of housing on the basis of membership in one or more protected classes.

96. 42 U.S.C. § 3604(f) prohibits discrimination on the basis of disability, including "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. 3604(f)(3)(B).

### C. California Authorities

97. California Civ. Code §§ 51 and 54.1(b) entitle individuals with disabilities to full and equal access to all rental housing accommodations. Civ. Code § 54.1(b)(1)(B) further

11
Complaint for Preliminary and Injunctive Relief, Declaratory Relief and Damages

provides that "[a]ny person renting, leasing, or otherwise providing real property for compensation shall not refuse to make reasonable accommodations in rules, polices, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises."

98. The Fair Employment and Housing Act, California Govt. Code § 12955, prohibits discrimination in the rental of housing on the basis of disability.

99. California Civil Code § 827, setting forth the requirements for altering the terms of any tenancy in land, requires that the tenant receive prior written notice of the proposed changes. Section 827(b)(3) addresses increases in the monthly rent to be charged, providing that where the increase, either alone or in combination with any other rent increases in the 12 months prior to the effective date of the notice, exceeds ten percent of the amount previously charged, the tenant must be given 60 days written notice.

### IV.   CAUSES OF ACTION

**First Cause of Action**
**By All Plaintiffs Against All Defendants**
**Violation of the Enhanced Voucher Statute**
**United States Housing Act of 1937, 42 U.S.C. § 1437f(t)**

100. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

101. Defendants' refusal to accept the vouchers tendered by Plaintiffs, and their attempt to increase the Plaintiffs' rent payments without accepting rental assistance and to force Plaintiffs to vacate their homes violates Plaintiffs' right to remain in their homes guaranteed by federal law, 42 U.S.C. § 1437f(t).

102. As a result of Defendants' conduct, the Plaintiffs face immediate, irreparable harm.

**Second Cause of Action**
**By All Plaintiffs Against All Defendants**
**Violation of the Certification Required by Federal Law**
**United States Housing Act of 1937, 42 U.S.C. § 1437f(c)(8), Federal Regulations and HUD Policy Guide**

103. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

104. Defendants' refusal to accept Plaintiffs' vouchers violates the certification provided by Defendants that is required by federal law under 42 U.S.C. § 1437f(c)(8), Federal Regulations, and HUD's Policy Guide.

### Third Cause of Action
### By Disabled Tenants Against All Defendants
### Breach of Duty to Reasonably Accommodate under Fair Housing Act, 42 U.S.C. §3604

105. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

106. By failing to accept the vouchers of The Disabled Tenants, Defendants failed to provide these Plaintiffs reasonable accommodations necessary for each Plaintiff to have an equal opportunity to enjoy their dwelling in violation of 42 U.S.C. § 3604(f)(3)(B).

107. As a result of the Defendants' conduct, the Plaintiffs face immediate, irreparable harm and have or will suffer damages in an amount to be determined at trial.

### Fourth Cause of Action
### By Disabled Tenants Against All Defendants
### Violation of California Disabled Persons Act, California Civil Code § 54.1

108. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

109. By failing to accept the vouchers of The Disabled Tenants, Defendants failed to provide these Plaintiffs reasonable accommodations necessary to afford each Plaintiff an equal opportunity to enjoy their dwelling in violation of California Civil Code § 54.1.

110. As a result of the Defendants' conduct, the Plaintiffs face immediate, irreparable harm and have or will suffer damages in an amount to be determined at trial.

### Fifth Cause of Action
### By Disabled Tenants Against All Defendants
### Violation of California Fair Employment and Housing Act, California Government Code §12955

111. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

112. By failing to accept the vouchers of The Disabled Tenants, Defendants failed to provide these Plaintiffs reasonable accommodations necessary to afford each Plaintiff an equal opportunity to enjoy their dwelling in violation of California Govt. Code § 12955.

113. As a result of the Defendants' conduct, the Plaintiffs face immediate, irreparable harm and have or will suffer damages in an amount to be determined at trial.

### Sixth Cause of Action
### By All Plaintiffs Against All Defendants
### Violation of California Civil Code § 827

114. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

115. In serving the notices of rent increases on plaintiffs as alleged above, defendants failed to comply with Cal. Civ. Code § 827, rendering the purported increases null and void.

116. As a result of the Defendants' conduct, the Plaintiffs face immediate, irreparable harm in the form of illegal rent increases and the likely prospect eviction from their homes.

### Seventh Cause of Action
### By All Plaintiffs Against All Defendants
### Declaratory Judgment Act
### (28 U.S.C. §§ 2201-2202)

117. Plaintiffs reallege and incorporate each paragraph previously alleged in this Complaint.

118. Plaintiffs desire a judicial determination of the parties' rights and duties concerning their tenancy, and a declaration as to which parties' interpretation of the legal requirements is correct.

119. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights and duties under the tenancy. Plaintiffs will be forced to move from the premises or be evicted if their interpretation of their legal rights is not correct, and it will be extremely difficult for them to find other suitable living arrangements, and to pay the costs of moving.

120. An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties in that Plaintiffs contend that (a)

Defendants are required to accept Plaintiffs' vouchers under 42 USC § 1437f(t) and by certification required under § 1437f(c)(8), (b) for several Plaintiffs, acceptance of the vouchers are a reasonable accommodation for their disabilities, (c) the notices of rent increases served on Plaintiffs did not comply with California Civ. Code § 827 and are therefore ineffective, and (d) Defendants cannot lawfully terminate Plaintiffs' tenancies for nonpayment of the requested $1,192.00 rent. Defendants disagree, and believe their actions are lawful.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court:

1. Enter a declaratory judgment that:
   a. the Defendants have violated 42 U.S.C. § 1437f(t);
   b. the Defendants have violated the certification required under 42 U.S.C. § 1437f(c)(8);
   c. the Defendants have violated 42 U.S.C. §3604;
   d. the Defendants have violated California Civil Code Section 54.1;
   e. the Defendants have violated California Government Code §12955; and
   f. the Defendants have violated California Civil Code § 827;

2. Issue a preliminary and permanent injunction:
   a. Demanding or collecting any amounts from any tenant at Park Village Apartments in excess of the amount that that tenant was paying as of September 1, 2009, unless the increase results from the housing assistance payments from the Oakland Housing Authority or is the result of a recertification under the voucher program;
   b. Evicting any tenant at Park Village Apartments or taking any action to accomplish such an eviction, including the filing of any action for unlawful detainer, based upon nonpayment of any rental amount that exceeds the tenant's rent contribution as of September 1, 2009, unless the increase results from a recertification under the voucher program;
   c. Compelling the Defendants to take all steps necessary to enter into voucher housing assistance payments contracts with the Oakland Housing Authority;

d. Comply with the federal Fair Housing Act, California Civil Code § 54.1, and California Fair Employment and Housing Act by taking all steps necessary to enter into voucher housing assistance payments contracts with the Oakland Housing Authority as a reasonable accommodation for the Disabled Tenants; and

e. Rescind the 30-day notice of rent increase dated August 31, 2009.

3. Award Plaintiffs costs incurred in the suit;

4. Plaintiffs demand an award of reasonable attorney's fees for National Housing Law Project, but makes no claim for any attorney's fees for Bay Area Legal Aid, or any employee thereof;

5. Award Plaintiffs damages according to proof;

6. Grant all other relief to which the Plaintiffs are entitled; and

7. In accordance with Fed.R.Civ.P. Rule 38(b), and Northern District Local Rule 3-6, Plaintiffs hereby demand a jury trial on all issues triable by jury.

Respectfully submitted,

Dated: October 6, 2009

Bay Area Legal Aid

Lisa Greif
Naomi Young
Robert P. Capistrano

National Housing Law Project
James R. Grow

By: /s/ Lisa Greif

Lisa Greif,
Attorneys for Plaintiffs