BAY AREA LEGAL AID
LISA GREIF, State Bar No. 214537
NAOMI YOUNG, State Bar No. 105041
ROBERT P. CAPISTRANO, State Bar No. 70382
1735 Telegraph Avenue
Oakland, California 94612
Telephone: 510-663-4744
Facsimile: 510-663-4740
Email: lgreif@baylegal.org
          nyoung@baylegal.org
          bcapistrano@baylegal.org

NATIONAL HOUSING LAW PROJECT
JAMES R. GROW, State Bar No. 83548
614 Grand Avenue, Suite 320
Oakland, California 94610
Telephone: 510-251-9400
Facsimile: 510-451-2300
Email: jgrow@nhlp.org

Attorneys for Plaintiffs PARK VILLAGE APARTMENTS TENANTS ASSOCIATION, FOSTER, et al.

E-FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARK VILLAGE APARTMENTS TENANTS ASSOCIATION, WILLIAM FOSTER, SHIRLEY SMITH, ISABEL ALLEMAN, FRED ALLEN, CHI CHUNG, VIRGINIA CHUNG, ANAHID ISSAHAKIAN, PATRICIA JOHNSON, MARTIN KOCH, LAWRENCE LEE, KWAN NG, FOSTER REUBEN, MARIA LILLIAN SANCHEZ, CHRISTINE THOMAS, ALISON WRIGHT and CORNELIUS WEEKLEY,<br><br>  Plaintiffs,<br><br>v.<br><br>MORTIMER HOWARD TRUST, MORTIMER R. HOWARD,<br>  Defendants. | Case No. C-09-4780 SBA<br><br>**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

[Proposed] Order on Plaintiffs' Motion for Preliminary Injunction
Case No. C-09-4780 SBA

Plaintiffs' Motion for Preliminary Injunction came on for hearing before this Court on December 15, 2009, Lisa S. Greif, Bay Area Legal Aid, and James R. Grow, National Housing Law Project, appearing for Plaintiffs, and Edward M. Higginbotham appearing for Defendants.

## I. INTRODUCTION

Plaintiffs are elderly low-income tenants of Park Village Apartments, a former federally subsidized housing development in Oakland, and an unincorporated association of Park Village Apartments tenants. In response to Defendant Howard's and Defendant Trust's (hereafter, both referred to as "Defendant") recent actions to increase their rent portions to $1,192 monthly while refusing the federal enhanced voucher assistance offered on their behalf, Plaintiffs seek relief to prevent Defendant from increasing their rents, from evicting them for nonpayment of this rent increase or from refusing to accept their voucher assistance, until Defendant takes the steps necessary to accept the voucher assistance payments provided to effectuate their Congressionally-legislated right to remain in their homes. After consideration of the briefs and arguments of counsel, the Court hereby GRANTS Plaintiffs' Motion for Preliminary Injunction.

## II. BACKGROUND

Park Village Apartments was developed in 1978 with federal project-based rental subsidies pursuant to a housing assistance payments ("HAP") contract with the United States Department of Housing and Urban Development ("HUD") under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f. After renting the apartments with the assistance of project-based subsidies for over two decades, Defendant's final project-based contract with HUD expired in 2005. Following the expiration of the contract, Defendant attempted to increase the Plaintiffs' rent portions to $1,192, but this Court enjoined the rent increase because Defendant failed to comply with federal notice requirements, 42 U.S.C. §1437f(c)(8). *Park Village Apts. Tenants Ass'n v. Mortimer Howard Trust*, No. C 06-7389 SBA, 2007 WL 519038 (N.D. Cal. Feb. 14, 2007); No. C 06-7389 SBA, 2008 U.S. Dist. LEXIS 54246 (N.D. Cal. July 16, 2008). Consequently, the Defendant served another federal opt-out notice on July 25, 2008, to be effective July 25, 2009. In the opt-out notice, Defendant certified, as required by federal law,

1  that he would honor the Plaintiffs' right to remain in their units with voucher assistance.  As a
2  result of the termination of the project-based Section 8 contract, Plaintiffs are eligible for and
3  have received special enhanced rental assistance vouchers under federal law.  42 U.S.C.
4  §1437f(t).  On August 31, 2009, Defendant notified the Plaintiffs that he intended to increase
5  Plaintiffs' rent portions to $1,192, effective October 1, 2009.

Defendant refused to accept Plaintiffs' vouchers, contending that he is not obligated to do so.  Plaintiffs have commenced this action to enforce their right to remain under federal law with their enhanced vouchers, while also asserting other claims to require the acceptance of their vouchers and block the purported rent increases under federal and state laws.

### III.  LEGAL STANDARD

The decision to grant or deny a motion for preliminary injunction is a matter within the district court's discretion. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  The standard for assessing a motion for preliminary injunction is set forth in *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 376 (2008). "Under *Winter*, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." *Sierra Forest Legacy v. Rey,* 577 F.3d 1015, 1021 (9th Cir. 2009).

### IV.  LEGAL ANALYSIS

#### A.  LIKELIHOOD OF SUCCESS ON THE MERITS

##### 1.  Federal Enhanced Voucher Provisions

Federal law mandates Defendant to accept enhanced vouchers.  In 1999, Congress enacted the Enhanced Voucher statute to ensure continued rental assistance when tenants face an opt-out situation.  Pub. L. No. 106-74, § 531, 113 Stat. 1047, 1113 (1999).  The vouchers are called "enhanced vouchers" because they are designed to cover any market-reasonable rents that exceed the ordinary subsidy limit set by the local public housing authority for its regular Housing Choice Voucher program, and because they provide tenants with an "election to remain." *See* 42

U.S.C. § 1437f(t), as amended by Pub. L. No. 106-246, § 2801, 114 Stat. 511, 569 (July 13, 2000). HUD's Section 8 Renewal Policy Guide further clarifies that this statute establishes a "right to remain." HUD, SECTION 8 RENEWAL POLICY, Sec. 11-3(B) (as revised Jan. 15, 2008) ("tenants who receive an enhanced voucher have the right to remain in their units as long as the units are offered for rental housing when issued an enhanced voucher sufficient to pay the rent charged for the unit, provided that the rent is reasonable. Owners may not terminate the tenancy of a tenant who exercises this right except for cause under Federal, State, or local law.").

Pursuant to federal requirements, Defendant also certified, in its July 25, 2008 opt-out notice, that he would honor the tenants' right to remain with voucher assistance. *See id.*, Ch. 8, at ¶ 8-1 (requiring owner's notice to certify that it will honor the right to remain), ¶ 11-4C and App 11-1; *see also id.* at Ch. 1, ¶ 1-5.I ("Owners must certify on the Option 6 Renewal Form [for opt-outs] that they will comply with the requirement to allow families receiving enhanced vouchers who elect to remain to do so as long as the property remains a rental property, unless the owner has just cause for eviction.").

Since enactment of the revised enhanced voucher statute, all of the four federal courts interpreting the statute have held that owners must accept the vouchers, whether at the point immediately following conversion or years later. *See Jeanty v. Shore Terrace Realty Ass'n*, No. 03 Civ. 8669, 2004 WL 1794496 (S.D.N.Y. Aug. 10, 2004) (requiring owner to accept enhanced vouchers from every tenant who wished to remain); *Feemster v. BSA Ltd. P'ship*, 471 F. Supp. 2d 87 (D.D.C. 2007), *aff'd in part, rev'd in part,* 548 F.3d 1063 (D.C. Cir. 2008) (same); *Estevez v. Cosmopolitan Assocs. L.L.C.,* No. 05 CR 4318, 2005 WL 3164146 (E.D.N.Y. Nov. 28, 2005) (requiring owner to accept enhanced vouchers for the lease renewal); *Barrientos v. 1801-1825 Morton LLC,* No. CV 06-6437 (C.D. Cal. Sept. 10, 2007) (Order re: Plaintiff's Motion for Summary Judgment) (tenants have statutory right to remain with enhanced vouchers eight years after owner opted out), *aff'd on other grounds,* 583 F.3d 1197 (9th Cir. 2009).

Defendant contends that he cannot be required to execute the assistance contracts with the Oakland Housing Authority or to take other steps necessary to effectuate Plaintiffs' right to

1  remain. Accepting this position would negate Plaintiffs' statutory rights, as other courts have
2  recognized. *Jeanty v. Shore Terrace Realty Ass'n*; *Feemster v. BSA Ltd. P'ship*, *supra*. It would
3  also violate the certification made in the July 25, 2008 opt-out notice.
4      Based on this persuasive authority and the statutory scheme under § 1437f(t) mandating
5  an owner to accept enhanced vouchers, this Court is satisfied that Plaintiffs have demonstrated a
6  likelihood of success as to their right to remain with their enhanced vouchers.

7      **2.     Other Claims Under State Law and for Reasonable Accommodation Under**
8           **Federal Fair Housing Law**

9      Plaintiffs also contend that the purported rent increase was invalid because it violated
10 California Civil Code § 827, which requires 60 days' notice to increase rent. However, since
11 Defendant provided a 120-day notice to Plaintiffs that is not inconsistent with the requirements
12 of § 827, Plaintiffs agreed to withdraw this ground as a basis for their motion. The Plaintiffs also
13 argued that Defendant's refusal to accept their vouchers to offset the proposed rent increase
14 would violate Defendant's duty to provide a reasonable accommodation under federal fair
15 housing laws. The Court is persuaded by the reasoning of the Second Circuit in *Salute v.*
16 *Stratford Greens Apts.*, 136 F.3d 293 (2d Cir. 1998), which rejected a similar claim under the
17 Fair Housing Act (42 U.S.C. § 3601 *et seq.*), and has found no authority contrary to this holding.
18 Because the Plaintiffs have therefore failed to demonstrate a substantial likelihood of success on
19 the merits on these other claims, the Court finds that they provide no basis for preliminary relief.

20     **B.     IRREPARABLE HARM**

21     The next issue is whether Plaintiffs have shown that they will be irreparably harmed by
22 the rent increase and by the Defendant's refusal to accept their enhanced vouchers. Because
23 Defendant proposes to charge Plaintiffs market rent without accepting voucher assistance,
24 Plaintiffs face imminent risk of eviction because, as demonstrated in their declarations, none of
25 the Plaintiffs can afford to pay the full market rent. This Court's order in the previous action
26 also found that the threatened rent increases and resulting evictions constituted irreparable injury
27 to these Plaintiffs. No. C 06-7389 SBA, 2007 WL 519038, at *7-*8. (N.D. Cal. Feb. 14, 2007).
28

In addition to the enhanced voucher cases cited *supra*, other federal courts have also found the risk of eviction sufficient to warrant a finding of irreparable injury. *See Mitchell v. HUD*, 569 F. Supp. 701, 704-05 (N.D. Cal. 1983) (holding that potential eviction of a Section 8 tenant constituted sufficient possibility of irreparable injury where the community did not contain a significant amount of affordable housing). *See also McNeill v. New York City Housing Authority*, 719 F. Supp. 233 (S.D.N.Y. 1989) (determining threat of eviction and homelessness sufficient for irreparable injury).

Since Defendant could identify no specific terms in the HAP contract which were objectionable, the Court finds unpersuasive his asserted irreparable injury from being required to comply with the law and enter into HAP contracts with the Oakland Housing Authority.

The Court therefore finds that Plaintiffs have adequately demonstrated that they would suffer irreparable harm if the Defendant refuses to accept their enhanced vouchers.

### C. BALANCE OF HARDSHIPS AND PUBLIC INTEREST

The final two factors are whether the balance of hardships favors Plaintiffs and whether granting the motion will serve the public interest. These factors may be viewed together. *See Independent Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly,* 572 F.3d 644, 657-58 (9th Cir. 2009). Because Defendant proposes to charge Plaintiffs market rent without accepting voucher assistance, Plaintiffs face imminent risk of eviction because none of the Plaintiffs can afford to pay the full market rent without voucher assistance. In contrast, the Plaintiffs' proposed injunctive relief is not burdensome to the Defendant, since the Defendant can receive reasonable market rent with enhanced vouchers under governing law. *See Jeanty*, 2004 WL 1794496, at *3, n.8 (the enhanced voucher program "provides owners with the market value of the rental unit"). Furthermore, an order enjoining the Defendant will prevent eviction of the Plaintiffs from their homes, and compliance with applicable laws, which is certainly in the public interest. For these reasons, the Court finds that the balance of hardships and public interest factors also favor Plaintiffs.

## V.   CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction is GRANTED as follows:

Defendants Mortimer Howard Trust and Mortimer Howard (collectively "Defendant"), their officers, agents, servants, employees and attorneys and those in active concert or participation with you or them, ARE HEREBY ORDERED TO:

A.   Refrain from demanding or collecting any amounts from any tenant at Park Village Apartments in excess of the amount that that tenant was paying as of September 1, 2009, unless the increase is covered by the housing assistance payments from the Oakland Housing Authority or is the result of a recertification under the voucher program;

B.   Refrain from evicting any tenant at Park Village Apartments or taking any action to accomplish such an eviction, including the filing of any action for unlawful detainer, based upon nonpayment of any rental amount that exceeds the tenant's rent contribution as of September 1, 2009, unless the increase results from a recertification under the voucher program;

C.   On behalf of each Plaintiff, Defendant, as mandated by Federal Law, shall take all steps necessary to enter into and execute housing assistance payments contracts with the Oakland Housing Authority for the acceptance of tenant based vouchers.

IT IS FURTHER ORDERED that, because the Court has the discretion to excuse the bond requirement in exceptional circumstances and Plaintiffs are indigent and lack the means to post bond, the bond requirement is waived in this case. *People ex rel. Van de Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, *amended by* 775 F.2d 998 (9th Cir. 1985).

DATED: 1/29/10

_____
UNITED STATES DISTRICT JUDGE